# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MATTHEW D. STANISZEWSKI, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-1098 |
| v. | ) ) ) | Judge Cercone<br>Magistrate Judge Caiazza |
| WASHINGTON & JEFFERSON COLLEGE, | ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendant's Motion to Dismiss (Doc. 34) be granted.

### II. REPORT

In this *qui tam* action, Relator Matthew D. Staniszewski ("Mr. Staniszewski") accuses the Defendant Washington & Jefferson College ("the College") of violating the False Claims Act ("the FCA") by providing false claims, statements and records to receive payment from the United States. *See generally* 2d Am. Compl. (Doc. 32) at Counts I, II. Mr. Staniszewski claims that, between August 2002 and August 2005, the College acted as a subcontractor to Booz-Allen Hamilton ("BAH") to develop and provide an information technology degree program and related seminars for members of the National Guard ("the Guard Project").

*See id.* at ¶¶ 7, 10-11. The Guard Project was federally funded, and BAH allegedly acted as an intermediary or agent of the government for the purposes of the Defendant's submission of invoices for payment. *Id.* at ¶¶ 8-9.

Over the course of the subcontracts, the College purchased computers, laptops, video cameras, digital cameras, hand held personal digital assistants, DVD units, computer software, and related peripheral equipment for use in the Guard Project. *See id.* at ¶ 12. The Relator alleges, however, that these materials "were not for the benefit of or necessary" to the Guard Project, but in fact were used by the College's traditional on-campus students. *Id.* at ¶ 16.

Similarly, the Relator alleges the Defendant improperly billed the government for labor charges related to the Project, in that: the hours for each employee were significantly inflated; the invoiced pay rates for the employees were overstated by as much as ten times their actual remuneration; and the employees who were invoiced did not possess the experience and credentials required in the subcontracts. *Id.* at ¶ 17.

Nowhere in the amended pleadings does the Relator explain how he came to learn of the College's purported false claims. *See generally id.* It thus has fallen on the Defendant to explain that Mr. Staniszewski acted as its "National Guard Program

Coordinator," as evidenced by his being named "administrator" during the final year of subcontracting. *See* Def.'s Br. (Doc. 35) at 2 n.2; *see also* Ex. F to 2d Am. Compl. (renewal agreement for Sept. 2004 through Feb. 2005) at 3 (identifying Relator as "subcontract administrator").[1]

Otherwise, the pleadings fail to make any factual averments supporting the Relator's claims of false or fraudulent statements. *See generally* 2d Am. Compl. And though Plaintiff's counsel has attached invoices created by the College under the subcontracts, at best they establish only that such invoices were generated; nothing in them supports or reasonably infers the veracity of Mr. Staniszewski's claims. *See* invoices, attached collectively under Ex. G to 2d Am. Compl.

Claims under the FCA must be plead with particularity under Federal Rule of Civil Procedure 9(b). *See* U.S. *ex rel.* Landsberg v. Argentis Med., P.C., 2006 WL 1788381, *3 (W.D. Pa. Jun. 27,

---

[1] Throughout the remainder of the Guard Project, other individuals served as the College's subcontract administrators. *See, e.g.*, Ex. D to 2d Am. Compl. at 3 (Lynn Barger was administrator for Jul. 2002 to Oct. 2002); Ex. A to 2d Am. Compl. at 3 (James Dlugos for Sept. 2003 to Aug. 2004). Nowhere in the record is there any indication the Relator was employed by the Defendant, either in 2005 or therafter. *Cf.* College's website at http://www.washjeff.edu/facultystaff.aspx (failing to identify Relator as faculty or staff). Rather, publicly available information indicates Mr. Staniszewski has been, and remains, a Councilman for the City of Washington, Pennsylvania. *See* City of Washington's website, at http://www.washingtonpa.us/council_officials.html; *cf. also generally* O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1224-25 (10th Cir. 2007) (where website presents sources whose accuracy cannot reasonably be questioned, "[i]t is not uncommon for courts to take judicial notice of factual information" therein) (citations omitted).

2006) (Cercone, J., adopting Report and Recommendation of Hay, M.J.).  The Rule serves the dual purposes of "plac[ing] the defendants on notice of the precise misconduct with which they are charged" and "safeguard[ing them] against spurious charges of immoral and fraudulent behavior."  *Id.* (quoting binding Third Circuit authority).

"Rule 9(b) ordinarily requires that plaintiffs plead the 'who, what, when, and where' details of the alleged fraud, but plaintiffs may provide specifics in some alternative fashion; what is crucial is that plaintiffs employ some means to inject[] precision <u>and</u> some measure of substantiation into their allegations of fraud."  U.S. *ex rel.* Waris v. Staff Builders, Inc., 1999 WL 179745, *4 (E.D. Pa. Mar. 4, 1999) (citation to binding Third Circuit authority and some internal quotations omitted, emphasis added).

The Defendant's arguments notwithstanding, this court should join its previous decisions in rejecting the notion that "a relator must [plead] details" identifying and supporting every "particular false claim[] for payment that [was] submitted to the government."  *See, e.g.*, U.S. *ex rel.* Singh v. Bradford Regional Med. Ctr., 2006 WL 2642518, *3 (W.D. Pa. Sept. 13, 2006) (Cohill, J.); *id.* at *6-7 (rejecting another district court's conclusion that, in every case, relator must "provide at least one evidentiary example" of false claim) (citation omitted);

Landsberg, 2006 WL 1788381 at \*4 (in FCA cases, "the courts have recognized the impracticality of requiring the plaintiff to plead the facts of each individual claim, particularly where the claims are numerous and extend over the course of several years") (citations omitted). A relator, though, still must satisfy the dual purposes of Rule 9(b) (*i.e.*, notice to the defendant and prevention of spurious charges) by finding some "means of injecting precision and [a] measure of substantiation" regarding his claims. *See* Landsberg, 2006 WL 1788381 at \*3-4.

In the undersigned's view, the Relator has leveled sufficient charges against the Defendant to provide it notice regarding the fraudulent conduct alleged. *See* discussion *supra* (summarizing claims that College did not use purchased equipment for Guard Project and excessively billed labor charges for insufficiently qualified employees). What is missing, however, are factual averments supplying any substantiation of his claims.

As seen above, Mr. Staniszewski has failed to allege facts establishing how he came to know of the purportedly false claims, let alone that they were fraudulent or actually made. *See generally* In re Rockefeller Center Properties, Inc. Sec. Ligit., 311 F.3d 198, 216 (3d Cir. 2002) ("boilerplate and conclusory allegations [of fraud] will not suffice," and "[p]laintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible"); *cf. also* Landsberg,

2006 WL 1788381 at *1 n.1 (stating relators' connection with defendants, and identifying roles that could explain their knowledge of alleged fraud). And while this court has refused to draw a bright line requiring even "one evidentiary example" of a false claim in every case, *see* discussion *supra*, there simply are no facts in the pleadings here (or the attachments thereto) supplying any measure of substantiation. *See id.*

To be sure, courts have "relaxed the particularity rule when factual information is peculiarly within the defendant's [exclusive] knowledge or control." Waris, 1999 WL 179745 at *4 (citations and internal quotations omitted). "This relaxed application of Rule 9(b) is not, however, a license for plaintiffs to base fraud claims on speculation and conclusory allegations." *Id.* (citations and internal quotations omitted). Under the circumstances, the relator not only "must allege that essential information is exclusively within the defendant's control," but also must "delineate at least the nature and scope of [his] effort to obtain, before filing the complaint, the information needed to plead with particularity" and demonstrate that he has "thoroughly investigate[d] all possible sources of information, including but not limited to all publicly available relevant information." *Id.* (citations to binding Third Circuit authority omitted, some quotations in original).

Mr. Staniszewski's pleadings satisfy none of these requirements. Given his failure to identify his past or present relationship(s) with the College, moreover, the court cannot even speculate that his evidentiary sources have "dried up" because he no longer acts as an employee or agent of the Defendant. *See generally* discussion *supra*; *cf. also id.* (Mr. Staniszewski has been and remains Councilman for City of Washington).

In sum, there exists a total vacuum in the record regarding the Relator's past and present relationships with the College, the efforts he made to provide factual support for his claims, and he has failed to plead or show that such information is in the exclusive possession of the Defendant. There is no means for supplying "some measure of substantiation" to his claims, and his conclusory allegations offer the College no "safeguard against spurious charges of immoral [or] fraudulent behavior." *See* discussions *supra*. Mr. Staniszewski has failed a key purpose of Federal Rule 9(b), and the Defendant's Motion is well taken.

The undersigned also submits that the Relator should not be provided another opportunity for amendment. The Defendant once previously moved for dismissal under Federal Rule 9(b), and in allowing prior amendment the court specifically cautioned that no further opportunities would be afforded. *See* text-Order dated Dec. 5, 2007 ("[a]lthough the court is loathe to further delay this over two-year old case, leave to amend is freely allowed and

it will be granted"; "[g]iven the Plaintiff's notice of the Defendant's particularity challenge, however, no further amendments will be permitted"); *cf. also* Def.'s Br. at 8-9 & n.4 (highlighting that, despite court's admonition, Relator made very modest changes between First and Second Amended Complaints). This court already has refused to allow further amendment under analogous circumstances. *See, e.g.*, U.S. Dept. of Transp. *ex rel.* Arnold v. CMC Eng'g, 2007 WL 442237, *1 (W.D. Pa. Feb. 7, 2007) (Lancaster, J.) (dismissing FCA case with prejudice where relator was "granted leave, twice, to amend his [c]omplaint, most recently with prior knowledge of the key legal objections [the] defendants would raise").

For all of the reasons stated above, the Defendant's Motion (Doc. 34) should be granted and the Plaintiff's claims dismissed with prejudice.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 15, 2008. Responses to objections are due by February 25, 2008.

January 30, 2008

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

James E. Whelton, Jr., Esq.
Lawrence D. Kerr, Esq.
Paul E. Skirtich, Esq.
Charles W. Jelley, Esq.
Martha Hartle Munsch, Esq.
Kim M. Watterson, Esq.