IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. MATTHEW D. STANISZEWSKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WASHINGTON & JEFFERSON ) <br> COLLEGE, ) <br> ) <br> Defendant. ) | **2:05cv1098** <br> Electronic Filing <br><br> Judge Cercone <br> Magistrate Judge Caiazza |

## **MEMORANDUM ORDER**

AND NOW, this 31st day of July, 2008, after de novo review of the record and upon due consideration of the magistrate judge's report and recommendation filed on January 30, 2008, plaintiff's objections, and defendant's submissions in response to those objections, IT IS ORDERED that Defendant's Motion to Dismiss Relator's Second Amended Complaint (Doc. No. 34) be, and the same hereby is, granted. The report and recommendation as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are unavailing. There is a clear distinction between passing on or assessing the veracity and credibility of an individual advancing the allegations forming a complaint and satisfying the heightened factual specificity pleading requirement under Rule 9(b). The former is a function for the finder of fact. The latter falls with the court's obligation to assure the onerous burden of defending a lawsuit on the merits is required only upon compliance with the Federal Rules of Civil Procedure. See In re Suprema Specialties, Inc. Securities Litigation, 438 F.3d 256, 270 (3d Cir. 2006) ("Rule 9(b) serves to give defendants 'notice of the claims against them, provide[ ] an increased measure of protection for their reputations, and reduce[ ] the number of frivolous suits brought solely to extract settlements.'") (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir.1997)). The latter also requires a

complaint to contain enough specific factual context to interject precision and some measure of substantiation into the allegations of a claim of fraud. Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir.1984). It is on this level that plaintiff's generalized allegations fall short. And plaintiff's inability to plead averments that provide that needed level of factual particularity is only further accentuated when the requirement under 31 U.S.C. § 3729(a)(2) of proving a direct link between a particular false statement and the government's decision to pay a claim is taken into account. See Allison Engine Co., Inc. v. United States ex rel. Sanders, 128 S.Ct. 2123 (2008).[1] Because it is unquestionably clear at this juncture that plaintiff is not in a position to plead the factual context needed to interject the necessary level of substantiation into his averments of fraud, dismissal of the complaint is in order.

        s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:      Honorable Francis X. Caiazza
United States Magistrate Judge

Honorable Amy Reynolds Hay
United States Magistrate Judge

Paul E. Skirtich, AUSA

James E. Whelton, Jr., Esq.
Lawrence D. Kerr, Esq.
Charles W. Jelley, Esq.

Martha Hartle Munsch, Esq.
Kim M. Watterson, Esq.

---

[1] Of course, the court recognizes that plaintiff has not had an opportunity to re-cast his allegations in an effort to satisfy the materiality requirement highlighted in Allison Engine, and thus his failure to plead that element is not a basis for granting defendant's motion to dismiss. But as defendant notes, the fundamental requirements of the False Claim Act emphasized in Allison Engine do further highlight the complaint's lack of particularity and failure to supply the requisite level of precision and substantiation needed to survive a Rule 9(b) challenge, matters which plaintiff has been given an opportunity to cure and has failed to do so.